IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

06 SEP 13 PM 3:59

CLERK-ALBUQUERQUE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIV-06-0860 JH ACT |
| v. ) ) | COMPLAINT |
| MIDTOWN HOSPITALITY, LLC d/b/a AMERISUITES BY PRIME ) ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female (pregnancy) and to provide appropriate relief to Jenee Noriega who was adversely affected by such practices. The Commission alleges that Defendant discharged Jenee Noriega from employment because of her sex, female and pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Midtown Hospitality, LLC d/b/a AmeriSuites by Prime (the "Employer") has continuously been a New Mexico corporation doing business in the State of New Mexico and the City of Albuquerque, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Jenee Noriega filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least December, 2005, Defendant has engaged in unlawful employment practices at its Albuquerque, New Mexico facility, in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§ 2000e-(k) and 2000e-2(a). The unlawful employment practices include discharging Jenee Noriega because of her sex, female, and pregnancy.

8.  The unlawful employment practices complained of in paragraph 7 above were

intentional.

9.      The unlawful employment practices complained of in paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Jenee Noriega.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which deny employment opportunities to persons on the basis of sex or pregnancy, including terminating employees because of their sex or pregnancy and any other employment practice which discriminates on the basis of sex or pregnancy.

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Jenee Noriega by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring or front pay for Jenee Noriega.

D.      Order Defendant to make whole Jenee Noriega by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, including job search expenses, in amounts to be determined at trial.

E.      Order Defendant to make whole Jenee Noriega who was adversely affected by the unlawful employment practices described above, by providing compensation for past and future

nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Jenee Noriega punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 13th day of September, 2006.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C. 20507

MARY JO O'NEILL
Regional Attorney

*/s/ Malina for*
SALLY C. SHANLEY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

*/s/ Malina*
VERONICA A. MOLINA
Trial Attorney

LORETTA MEDINA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5231

Attorneys for Plaintiff